## WYNKOOP *v.* VAN BEUREN *et al.*

(*Supreme Court, General Term, First Department.*　October 24, 1890.)

1. PRELIMINARY INJUNCTION—DISSOLUTION—DISPUTED FACTS.

In an action to enjoin defendants from interfering with a party-wall on the line· between their premises and those of plaintiff's a preliminary injunction is properly vacated where there is a decided dispute as to the facts which can only be settled by· a trial, and plaintiff is fully indemnified by bond against loss from any infringement of his rights.

2. SAME—BOND TO SECURE PLAINTIFF.

The order vacating the injunction required defendants in case plaintiff tendered. them a license to shore up the wall, to give a bond conditioned for the payment "of such damages, if any, including loss of rents, if any, as plaintiff may sustain, " etc. *Held,* that the condition of the bond was too broad, as, in effect, it adjudged defendants liable for all injuries sustained by plaintiff whether they give rise to a legal claim or not, and that defendants should have been required only to secure plaintiff for any injuries she might sustain for which defendants might be liable.

Appeal from special term, New York county.

Action by Ann E. Wynkoop against Mary S. Van Beuren and others to obtain a perpetual injunction to restrain defendants from interfering with, undermining, or disturbing the easterly wall of a building on plaintiff's premises, No. 5 East Thirteenth street, New York city. Plaintiff appeals from the order vacating the injunction, and defendants appeal from such portion of the order providing that "if, within 48 hours after the service of a copy of this order on plaintiff's attorneys, the necessary permission or license be given to· the defendants to enter number 5 East Thirteenth street for the purpose of needling, shoring up, and underpinning the easterly wall of said 5 East Thirteenth street, that then the defendants, within ten days from the entry of this. order, give a bond or bonds in the penalty of ten thousand dollars, to be approved by one of the justices of this court, and conditioned for the payment by the defendants jointly and severally of such damages, if any, including loss of rents, if any, as the plaintiff may sustain by reason of the construction of the· westerly wall of number 7 East Thirteenth street."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Alexander & Green,* for plaintiff.　*Mitchell & Mitchell,* for defendants.

VAN BRUNT, P. J. This action was brought to enjoin the defendants from interfering with a certain party-wall between the premises owned by the defendants and other premises leased by the plaintiff. The defendants desiring: to improve the adjacent premises offered, preliminary to the commencement of excavations, to shore up the plaintiff's wall upon receiving permission so to· do, which was refused. They thereupon commenced their excavations, which, excavations, according to the allegations of the complaint, would necessarily injure the wall of plaintiff's building. Upon a reading of the affidavits it will be seen that there is a decided dispute as to the facts, which can only be settled by a trial of the action; and, as is suggested by the learned justice who heard the motion below, the facts are not fully developed in the papers, and it is quite uncertain what the result of a trial may be. Under these circumstances, it is peculiarly fitting, before the court grants the extraordinary remedy of an injunction, that it should require a trial of the action, in order that the facts.

might be fully and completely developed. If any rights of the plaintiff were infringed by the defendants, the court below was careful to preserve indemnity for such injury by requiring the bond mentioned in the order.

The condition of the bond, however, it seems to us, was too broad. It in reality adjudges that, under any circumstances, the defendants are liable for any injuries which plaintiff may sustain by reason of the defendants' improvements of their own land, whether such injuries gave rise to a legal claim or not. The requirement of a bond with such a condition we think was error. The defendants should have been required only to secure payment to the plaintiff for any damage which she might sustain by reason of these improvements for which the defendants or any of them might be liable. The order, therefore, should be affirmed, so far as it dissolves the injunction, with $10 costs, and disbursements of the appeal, and modified so far as it requires a bond conditioned absolutely to pay any damage which may be sustained, and as modified the order should be affirmed. A motion has been made in connection with this appeal to dismiss the same upon the ground that the defendants have accepted the conditions contained in the order appealed from by giving the bond in question. It will be noticed upon a reading of the order that the injunction is not dissolved upon condition of their giving a bond. The order absolutely dissolves the injunction. It then further orders that, if the plaintiff gives permission to shore up the wall within 48 hours after service of a copy of the order, then the defendants, within 10 days, shall give the bond. There is no provision in the order that if the bond is not given the injunction shall be restored; neither is the dissolving of the injunction apparently made to depend upon the giving of the bond. Therefore, if under any circumstances it could be claimed that the defendants had waived their right of appeal by accepting the condition of the order, still, under the form of the order under consideration, no such question arises. The motion to dismiss the appeal should be denied, without costs. All concur.